## Dimeco v. Chesapeake Insurance Company

*Gilbert D. Levine,* for plaintiff.

*Jamison & Jones,* for defendant.

HENDERSON, P. J., March 31, 1966.—This matter is before the court on plaintiff's motion to dismiss defendants' objections to interrogatories.

After a complaint was issued and served on defendants in this matter, each defendant was granted additional time for the filing of answers. The answers were filed denying liability in very general terms and without sufficient detail to notify plaintiff of the specific grounds upon which the defense is made. Subsequent thereto, plaintiff issued 24 interrogatories on each of defendant companies, requesting specific information on the general allegations of defense set forth in the answers previously filed.

Instead of answering the interrogatories, each of the defendants filed an objection to the interrogatories under Pennsylvania Rule of Civil Procedure 4005(b), setting forth general allegations as grounds for the objections; such as that it would require information obtained in anticipation of litigation or preparation for trial, that it was sought in bad faith, that it would be a burden upon defendant as calling for opinions and essay type answers and that the questions were vague and indefinite. In the "Wherefore" clause of the ob-

jections to interrogatories, defendants asked for a protective order, and a rule was granted on plaintiff to show cause why a protective order should not be granted.

In response thereto, plaintiff filed a motion to dismiss defendants' objections as not being in conformity with the rules and being in the nature of dilatory pleadings.

Pa. R. C. P. 4005(b) provides for written objections to interrogatories as follows:

"Within ten (10) days after service of interrogatories a party may file and serve written objections thereto. Answers to interrogatories to which objections are made shall be deferred until the objections are decided".

One of the reasons for which plaintiff asks for the dismissal of defendants' objections is that they were not filed within the 10 days set up under Pa. R. C. P. 4005(b). However, we find that an extension of time was granted by the court to each of the defendants. This extension was specifically requested in order that defendants might file an answer to the complaint, but defendants will not be held to have waived their right to file objections rather than an answer.

Plaintiff takes the position that objections should be separate and distinct from a motion for a protective order and cannot be made the basis for a protective order. This is covered in 4 Goodrich-Am., page 77, in the notes under section 4005(b)-2, in the following language:

"This leaves, as a possible final ground of objection, any of the blanket matters which can be made the subject of a protective order under Rule 4012. Subdivision (c) makes Rule 4012 applicable to the interrogatories under Rule 4005. However, it provides that the protective order may be entered on 'motion'. Does this exclude the possibility of using 'objections' for this

purpose? It would be a narrow interpretation of the Rules to reach this conclusion. Sub-division (c) *permits* a motion to be used to seek a protective order. It contains no language making this the *exclusive* method. There is nothing in the Rules which would exclude the answering party from two opportunities to raise such matters. First, by making them the subject of objections. Or, secondly, if the party has omitted to raise them by objections, by a later motion. Of course, they cannot be raised a second time by motion, if they have already been raised by objections and overruled, unless new grounds are indicated. A liberal interpretation of the rules, which will not make an independent motion mandatory, will be proper".

We hold that a request for a protective order can be included in objections to interrogatories.

Plaintiff further asks that defendants' objections be stricken on the grounds that if there is an objection to each interrogatory, it should be specifically recited as pertaining to the particular interrogatory involved. By analogy to Pa. R. C. P. 4006, which requires that in filing an answer to interrogatories, each interrogatory shall be answered separately and fully, we find merit in plaintiff's position. The general form of the objections filed by defendants cannot, on their faces, apply to each interrogatory, and the objections cannot be ruled upon except on separate consideration.

For example, plaintiff alleges in its complaint that plaintiff has fully complied with all conditions precedent, as required by the policy. The answer filed to the complaint denies that plaintiff has performed all conditions precedent. The first interrogatory questions defendants on this point as follows:

"1. State what conditions precedent the defendant contends the plaintiff did not perform".

This interrogatory is a perfectly proper one, as found by reference to the rules, and a reading of de-

fendants' objections to the interrogatories does not indicate any objection to that first interrogatory or any answer thereto. Defendants' objections cannot be ruled upon on the present state of the record, and it is the court's opinion that the objections of defendants to the interrogatories were filed merely for the purpose of delay.

We shall, therefore, grant plaintiff's motion to dismiss defendants' objections to interrogatories.

### ORDER OF COURT

Now, March 31, 1966, plaintiff's motion to dismiss is hereby granted. Each defendant in the action is directed to file, within 20 days from the date hereof, either objections or answers to each interrogatory separately and in sufficient clarity that they might be ruled upon without further delay.